Domínguez as Guardian Ad Litem of Josefa Rivera *v.* Díaz.

Appeal from the District Court of Guayama.

No. 870.—Decided December 10, 1912.

Appeal—Unappealable Decisions—Memorandum of Costs—Service of Notice.—A decision rendered by a court annulling the notice of a memorandum of costs, overruling a motion to strike said memorandum from the files, and directing that the prosecution of the case be proceeded with in accordance with the ruling of said decision, is unappealable.

Memorandum of Costs—Service of Notice—Construction of Law—Notice to Attorney.—The provisions of section 339 of the Code of Civil Procedure

as amended by an Act of March 12, 1908, should be construed in connection with section 324 of the same code in the sense that notice of a memorandum of costs should be served on the attorney for the party and not on the party personally. *American Railroad Company of Porto Rico* v. *Municipal Court,* 16 P. R. R., 227.

Id.—Service of Notice—Application of Law by Analogy—Knowledge of Attorney—Motion to Strike Out.—But when, as in the present case, it is shown that a copy of the memorandum was served on the party adjudged to pay the costs that the party notified his attorneys thereof and that the latter being fully advised appeared in court before the expiration of the period granted for objecting thereto and moved to strike out the memorandum, then the court may hold that the provisions of the law were complied with and apply by analogy section 98 of the Code of Civil Procedure, deciding that notice of the memorandum was sufficiently and duly served.

Id.—Approval of Momorandum—Objection—Error.—Considering the circumstances of this case, it was held that the trial court committed no error in approving the new memorandum of costs which was not objected to by the party adjudged to pay the costs and in which the item of attorney's fees was reduced one-half.

The facts are stated in the opinion.

The guardian *ad litem,* Celestino Domínguez, appeared *pro se.*

*Mr. Nemesio R. Canales* for defendant and appellant.

Mr. Justice del Toro delivered the opinion of the court.

In an action to claim filiation brought in the District Court of Guayama by Celestino Domínguez Rubio as guardian *ad litem* of Josefa Rivera against Ramón Pastor Díaz, the plaintiff presented a bill of costs and disbursements which was signed and sworn to by said Domínguez Rubio before the secretary of the court on January 17, 1912. A copy of the bill of costs was served personally upon the defendant on the 20th of the same month. On the 25th of said month one of the attorneys for the defendant filed a motion sworn to by him asking that the bill of costs be stricken from the files on the ground that a copy thereof had not been served upon the attorneys. On May 2 the court ruled that "the personal service of a copy of the bill of costs made upon Pastor Díaz is insufficient and void, the plaintiff being given ten days from this date to deliver a copy of the same to the attorneys of record for said defendant," and also "overruled the motion filed by

them (the attorneys for the defendant) as far as the striking out of the bill of costs is concerned, reserving to them their right to abstain from appearing, answering, or objecting to the said bill of costs until after ten days following that on which a copy thereof shall have been served upon them.''

From that decision of the court the plaintiff took an appeal, in the notice of which appeal he included the following statement: ''The taking of this appeal does not prevent the plaintiff from complying with the decision of the court, but this will be done under protest subject to the appeal.''

The defendant also appealed from said decision, but only in so far as concerns that part thereof whereby ''the plaintiff is given ten days to deliver a copy of the bill of costs to the attorneys for the defendant.''

While matters stood thus a bill also entitled for costs and disbursements was signed and sworn to by the plaintiff on March 5, 1912, which comprised the same items which were subscribed and sworn to on January 17, 1912. A copy of this bill was served on March 11, 1912, upon one of the attorneys for the defendant. The defendant did not object to the bill and the court approved it after changing the item for attorney's fees.

From that decision, which was rendered on March 27, 1912, the defendant took an appeal which was considered jointly with those taken from the decision of March 2, 1912.

As may be seen, a matter simple in its nature becomes confused on account of the manner in which it has been handled.

The appeals taken by the plaintiff and by the defendant from the decisions of March 2, 1912, should be dismissed. The law does not allow appeals to be taken from decisions of such a character. As we have seen, the question here relates to a bill of costs filed after final judgment was rendered. The attorneys for the defendant asked that the bill be stricken from the files; the court refused to grant the petition and

directed that the case be proceeded with in accordance with the rules governing the matter. The statute provides a special procedure for the filing, objections thereto, and rulings on bills of costs, disbursements and attorney's fees; so if the party considered himself aggrieved by the order of March 2, 1912, he could have excepted to it, and, in conclusion, if the final decision was prejudicial to his interests he could have appealed from it and the case would have been fully reviewed by this court on that appeal.

Let us now examine the appeal taken from the final order approving the bill of costs. The whole case has come to us for consideration through that appeal, and the first question for us to take up is that relating to service of a copy of the bill of costs.

Paragraph 2 of section 339 of the Code of Civil Procedure, as amended in 1908, reads:

"The party against whom the costs have been taxed shall be furnished with a copy of said memorandum by the party presenting the same, and he may object to all or any of the items thereof within ten days after the receipt by him of his copy."

Should this be interpreted in the sense that the service should be made upon the attorney for the party, instead of upon the party personally?

Our opinion is that it should be, the case being as it is one brought before a district court, and in view of the provisions of section 324 of the Code of Civil Procedure, to wit: "But in all cases where a party has such resident attorney in the action or proceeding, the service of papers, when required, must be upon the attorney instead of the party, except of subpoenas, of writs, and other processes issued in the suit, and of papers to bring into contempt; if there be no such resident attorney of record, service shall be made upon the party." (See *The American Railroad Company of Porto Rico* v. *Municipal Court,* 16 P. R. R., 227.)

The spirit of the law and of jurisprudence is that the at-

torney who legally conducts the suit should be advised personally in due time with regard to everything in connection therewith in order that he may defend his client efficiently.

Now, when the ends of justice are met the parties should not hinder the operation and just determination of the rights involved in a lawsuit under cover of mere technicalities.

In the case at bar the bill of costs was filed in the court ' and a copy thereof was served upon the party against whom the costs had been taxed. This party communicated the fact to his counsel who, before the term allowed to file objections thereto had expired, appeared in court asking that the bill of costs be stricken from the files. The counsel, therefore, were well informed and inasmuch as all the requirements of the law had been complied with the court could well so hold and overrule the motion to strike out, applying, by analogy the principle laid down in section 98 of the Code of Civil Procedure, to wit, that "the voluntary appearance of a defendant is equivalent to personal service of the summons and copy of the complaint upon him."

The court, however, directed the plaintiff to serve upon the attorneys for the defendant a copy of the bill of costs and gave the latter 10 days in which to file their objections counting from the time said service was made, and it is evident that in so doing if the court erred at all the error, rather than being harmful, was favorable to the rights of the defendant.

A new service was made as ordered and the defendant failed to appear and object to the bill of costs. Yet the court examined the bill of costs and reduced to one-half the item for attorney's fees included therein.

In his brief filed in this court the defendant and appellant also omitted to offer any objection to the bill of costs, confining himself to averring and arguing that it should have been stricken out by the court below and that said court did not have power to order a new service to be made, contending simply that the court erred in approving the bill of costs

while the appeal from the order of March 2, 1912, was still pending.

No such errors as those assigned by the defendant and appellant have been committed as the foregoing statements will show; therefore the appeals taken from the order of March 2, 1912, and that from the order of May 27, 1912, should be dismissed and the order thus appealed from should be affirmed in all its parts.

*Decided accordingly.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.

A petition for a rehearing in this case was denied on December 23, 1912.